## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNIE GARRETT, # N20411, and )
CHINA ANNE MCCLAIN, )
           )
          **Plaintiffs,** )
           )
vs. )      **Case No. 17-cv-267-SMY**
           )
PEOPLE OF STATE OF ILLINOIS, )
           )
          **Defendant.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This action is before the Court to address Plaintiff's filing fee requirements. The initial filing in this case (Doc. 1) was construed as a § 1983 complaint[1] and transferred to the Southern District of Illinois on March 13, 2017. (Doc. 2). Plaintiff has since filed an Amended Complaint (Doc. 16) which supersedes and replaces the original Complaint (Doc. 1) and the Supplement to the Complaint (Doc. 8). *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Plaintiff has not paid a filing fee in this case, but did file a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 27) ("IFP") on April 10, 2017. Because Plaintiff has accumulated more than three "strikes" by filing lawsuits that were dismissed for failure to state a claim or raising frivolous claims,[2] he may not proceed IFP in this action unless he faces imminent danger

---

[1] The United States District Court for the Middle District of Florida noted that Plaintiff named the Supreme Court of Illinois as the court of filing on the pleading, but that the pleading references 42 U.S.C. § 1983 and writ of habeas corpus, so Plaintiff may have intended to initiate a civil rights *or* habeas action in federal court. (Doc. 2, p. 1).

[2] *See Garrett v. Attorney General of the State of Illinois*, Case No. 13-cv-1087-MJR (S.D. Ill., dismissed January 21, 2014); *Garrett v. Attorney General*, Case No. 13-cv-1196-JPG (S.D. Ill., dismissed Dec. 17, 2013); *Garrett v. State of Illinois*, Case No. 13-cv-1298-JPG (S.D. Ill., dismissed Dec. 30, 2013).

of serious physical injury.  *See* 28 U.S.C. § 1915(g).  In order to make this determination, the Court reviews the IFP motion and the complaint.  Here, neither supports a finding that Plaintiff faces imminent danger of serious physical injury.  Section 1915(g) therefore precludes Plaintiff from proceeding IFP and Plaintiff must pay the filing fee before this case can proceed.

## Discussion

According to Section 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff has received strikes in at least three cases in this district.  *See Garrett v. Attorney General of the State of Illinois*, Case No. 13-cv-1087-MJR (S.D. Ill., dismissed January 21, 2014); *Garrett v. Attorney General*, Case No. 13-cv-1196-JPG (S.D. Ill., dismissed Dec. 17, 2013); *Garrett v. State of Illinois*, Case No. 13-cv-1298-JPG (S.D. Ill., dismissed Dec. 30, 2013).  In fact, because of his voluminous frivolous filings across the country, Plaintiff has also been given warnings about filing frivolous papers or actions by multiple courts, including this one.  *See, e.g.*, *Garrett v. Warden or Sheriff of Illinois*, Case No. 17-cv-100-DRH (S.D. Ill., dismissed Feb. 10, 2017) (Doc. 4, p. 5).  Plaintiff was also issued an Order to Show Cause in this District on March 22, 2017, requiring Plaintiff to show why the Court should not find him in violation of Rule 11(b) and/or the Seventh Circuit's warnings against filing further frivolous or foreclosed claims and papers after striking out.  *Id.* (Doc. 22).  Because Plaintiff has incurred more than

three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Imminent danger within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger in his Amended Complaint or IFP Motion. (Docs. 16, 27). His main allegation is that a large sum of money has not been deposited into his prisoner trust fund account. (Doc. 16, pp. 1, 4-5). This allegation fails to support a finding of imminent danger.

Having made no showing of imminent danger, Plaintiff will not be permitted to proceed *in forma pauperis* – he is obligated to pay the full filing fee of $400.00 for this action. If Plaintiff wishes for the Court to proceed with a 28 U.S.C. § 1915A preliminary review of his Amended Complaint, he must prepay the full amount of this filing fee within thirty (30) days of this Order (on or before May 12, 2017).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within thirty (30) days of the date of entry of this Order (on or before May 12, 2017). If

Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee for this case remains due and payable—and will be collected one way or another. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 11, 2017**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**